UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

TROY RIVARD,                          :
    Plaintiff,                        :
                                :
               v.                  :      File No. 1:07-CV-130
                                :
STATE FARM MUTUAL                     :
AUTOMOBILE INSURANCE COMPANY,         :
    Defendant.                        :
_____:

RULING ON PENDING MOTIONS
(Papers 20, 24 and 29)

For the following reasons, (1) Defendant's motion for summary judgment (Paper 20) is granted in part and denied in part, (2) Plaintiff's motion to compel (Paper 24) is denied, and Defendant's request for a hearing (Paper 29) is denied.

In 2001 Plaintiff was injured in a vehicle accident by an individual insured with liability limits of $25,000, the full amount of which was paid to Plaintiff.  Plaintiff then sought Underinsured Motorist ("UM") benefits under his Policy with Defendant (the "Policy") which provided UM benefit limits of $100,000 per person/$300,000 per accident.  The Policy contains an arbitration provision allowing for arbitration of a claim upon consent of both parties.  Defendant did not consent to arbitration.  Plaintiff then filed this three-count complaint

1

alleging (1) contractual bad faith, (2) consumer fraud, and (3) breach of contract.

II.   Defendant's Motion for Summary Judgment
      (Paper 20)

    A.   Bad Faith

    Plaintiff's claim for bad faith requires him to show, among other things, "the insurance company had no reasonable basis to deny benefits of the policy[.]"   Bushey v. Allstate Ins. Co., 164 Vt. 399, 402 (1995).  To this end, an insurance company "will be found liable only where it has intentionally denied (or failed to process or pay) a claim without a reasonable basis."   Id.  Here, to the extent Plaintiff's claim for bad faith is based on Defendant's unwillingness to consent to arbitration, summary judgment is appropriate because arbitration is not a benefit that was denied; it is simply the mechanism by which the dispute would be handled.[1]

    Conversely, to the extent the claim for bad faith relates to Defendant's failure to pay UM benefits, summary judgment is inappropriate because the facts surrounding Plaintiff's request for UM benefits prior to this lawsuit and its handling by Defendant are virtually unknown to the Court.

---

    [1]Although Plaintiff was given sufficient notice of this argument in Defendant's briefing, he has not attempted to counter it.

B.   <u>Consumer Fraud</u>

A claim for consumer fraud requires Plaintiff to show, among other things, that the misleading representation or omission was material in that it affected Plaintiff's purchasing decision. <u>See</u> <u>Jordan v. Nissan N. Am., Inc.</u>, 176 Vt. 465, 468 (2004). Here, even assuming the consumer fraud act applies to insurance contracts, it is undisputed that the arbitration provision had no effect whatsoever on Plaintiff's decision to purchase the Policy because Plaintiff admits he did not review the policy language concerning arbitration until filing this lawsuit. <u>See</u> (Paper 20-2, ¶ 11; Paper 23-2 ¶ 11). Accordingly, summary judgment on this count is warranted.

C.   <u>Breach of Contract</u>

Plaintiff opposes summary judgment on this count, not by responding to Defendant's persuasive argument that the Policy clearly and unambiguously allows either party to withhold consent to arbitration, but merely by stressing the claim is based on Defendant's refusal to pay UM benefits. <u>See</u> (Paper 23 at 13-14). Because the Court agrees with the merits of Defendant's argument and accepts Plaintiff's current stance on this count, summary judgment should be granted as it relates to the arbitration provision. But inasmuch as the breach of contract claim is based

on Defendant's refusal to pay UM benefits, this claim will proceed as Defendant "is ready, willing and able to have the matter resolved in this forum[.]"  (Paper 27 at 3).

II.  <u>Plaintiff's Motion to Compel</u>
     (Paper 24)

     Plaintiff's motion to compel requests information in two areas.  First, he asks for "any and all files maintained in any manner by the Defendant State Farm up to the date of this Complaint that reference him in any way" to discover evidence of State Farm's unwillingness to consent to a settlement that would have reduced Allstate's (the tortfeasor's liability insurer) liability payment to Plaintiff by $2000.  (Paper 24 at 2).  The Court declines to compel production of this information because Plaintiff has not shown what bearing it could possibly have on the claims at issue in this case.

     Second, in conjunction with his consumer fraud claim, Plaintiff requests (1) the number of Vermont policies containing arbitration provisions similar to the one at issue in this case, and (2) the total number of underinsured claims brought against the Defendant and identification of those which resulted in lawsuits and those which resulted in arbitration.  (Paper 24 at 2-3).  These requests are denied because as previously discussed, summary judgment is warranted on the consumer fraud count.

4

III. <u>Conclusion</u>

In summary:

(1)  Defendant's motion for summary judgment (Paper 20) is GRANTED in part and DENIED in part such that the consumer fraud count (Count II) is dismissed and this case will proceed on the bad faith and breach of contract claims (Counts I and III) only as they relate to Plaintiff's demand for UM benefits; and

(2)  Plaintiff's motion to compel (Paper 24) is DENIED.

(3)  Defendant's request for a hearing on the issues raised in Plaintiff's motion to compel (Paper 29) is DENIED as moot.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 14th day of January, 2008.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge